STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-393


JULIE GAYLE GUILLORY

VERSUS

ROLAND DENNIS GUILLORY


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-4466
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, J. David Painter, and Shannon J. Gremillion,
Judges.

AFFIRMED.


Ralph J. Williams
Attorney at Law
P.O. Box 1025
Lake Charles, LA 70602
(337) 433-0634
Counsel for Defendant/Appellant:
        Roland Dennis Guillory

Thomas Gayle
Gayle Law Firm
P.O. Box 3190
Lake Charles, LA 70602-3190
(337) 494-1220
Counsel for Plaintiff/Appellee:
        Julie Gayle Guillory

**DECUIR, Judge.**

In this suit for damages sustained in a physical assault, the defendant appeals the trial court's general damage award as excessive, and the plaintiff answers alleging that the award is inadequate.

## FACTS

In September 2006, Roland Guillory beat his wife, Gayle Guillory, with a pipe. The beating took place in front of his child and his child's friend and lasted several hours. Gayle was ultimately rendered unconscious and suffered serious head injuries which resulted in post-concussion syndrome, optical impairment, severe migraines, and permanent disability.

Roland admitted that he beat his wife and pled guilty to criminal charges. Gayle filed suit against her now former husband seeking damages. The trial court awarded her:

| | |
|---|---|
| Past Medical Expenses | $13,960.75 |
| Lost Wages | $34,600.00 |
| Future Medical Expenses | $17,280.00 |
| Pain Suffering and Mental Anguish | $80,000.00 |
| Loss of Enjoyment of Life | $80,000.00 |
| Disability | $200,000.00 |

The general damage portion of the award was reduced by twenty percent (20%) which the trial court attributed to a prior automobile accident. Roland filed this appeal and Gayle answered.

## EXCESSIVE GENERAL DAMAGES

Roland contends that the trial court's award of general damages in the amount of $360,000.00 is excessive. Gayle answers that the award is inadequate.

The Supreme Court has defined the role of the appellate court when faced with a challenge to a general damage award on appeal:

> [T]he role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
>
>  . . . .
>
> The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact.... Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion.

*Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994) (citations omitted). In determining whether an abuse of discretion has been shown, the relevant evidence must be viewed in the light which offers the most support to the trial court's judgment. *Id.* at 1261.

Applying these standards, we must consider whether the trial court's award of $360,000.00 for general damages constitutes an abuse of discretion. In this case, Gayle was beaten severely over several hours in the presence of children. She was knocked unconscious and suffers from permanent and debilitating injuries. After careful review of the record and due consideration of the jurisprudence submitted by the parties, we find no abuse of discretion in the trial court's award. Therefore, the assignments of both parties are meritless.

**DECREE**

The judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Roland Guillory.

**AFFIRMED.**

2